for him, and that he had no authority to execute the draft in question.

2. BILLS AND NOTES, § 440*—*when evidence sufficient to show fraud by payee of draft.* In an action by a commission merchant against the maker and payee of drafts drawn on the plaintiff, where it appeared that the maker had authority to buy horses but was required to ship them to the plaintiff, who would sell them and credit the maker with the proceeds thereof, that the maker had authority to draw a draft for the purchase price of horses so shipped and for incidental expenses incurred in the buying and shipping of them, that the maker gave the payee such drafts in payment for checks for the ostensible purpose of buying and paying for horses purchased from a party from whom he claimed to have no authority to buy, and that he used the proceeds of such draft for his own personal purposes, evidence *held* sufficient to sustain a finding that the payee was guilty of fraud and deceit.

3. FRAUD, § 6*—*what constitutes.* It is a fraud in law if a party makes representations which he knows to be false and injury ensues, although the motive from which the representations proceeded may not have been bad, and it is unnecessary that they be made with a design or intention to cause injury to the other party.

---

## The People of the State of Illinois, Defendant in Error, v. Lyman Moore, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Christian county; the Hon. CHARLES A.° PRATER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Lyman Moore, defendant, for the sale of intoxicating liquor in anti-saloon territory. To review a judgment entered against him, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN E. HOGAN and E. E. DOWELL, for plaintiff in error.

HARRY B. HERSHEY, for defendant in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 243*—*what constitutes violation of right against self-incrimination.* Service of notice and a subpœna *duces tecum,* calling for the production, by one on trial for selling intoxicating liquor in anti-saloon territory, of an internal revenue special tax stamp issued to a society of which he was president, *held* a violation of the defendant's constitutional rights as guarantied by section 10 of article II of the Constitution, providing that no person shall be compelled to give evidence against himself.

2. INTOXICATING LIQUORS, § 140*—*when introduction of notice and subpœna duces tecum in evidence error.* Introduction in evidence of a notice and subpœna *duces tecum,* served on the defendant in a prosecution for illegal sale of liquor in anti-saloon territory, calling for the production of an internal revenue special tax stamp issued to a society of which the defendant was president, *held* error.

3. INTOXICATING LIQUORS, § 137*—*when testimony of reporter in former case inadmissible.* In a prosecution for selling intoxicating liquor in anti-saloon territory, the admission of testimony of a reporter, who had reported a trial of a case between the State and a certain party, that the defendant in the present case had testified that the defendant in that case was working for him, *held* error in the absence of preliminary proof showing how such testimony could have been competent, relevant or material.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.